UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID CARTER SR., Petitioner, -against- DANIEL F. MARTUSCELLO III, Commissioner – N.Y.S.D.O.C.C.S., Respondent. | 1:26-CV-9218 (LTS) TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated in the Auburn Correctional Facility and appears *pro se*,[1] brings a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his September 20, 2018 conviction in the New York Supreme Court, New York County.[2] For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

The court's records show that Petitioner filed a previous Section 2254 petition in this court challenging the same conviction, which was denied on the merits. *See Carter v. Annucci*, ECF 1:22-CV-9019, 90 (S.D.N.Y. Aug. 16, 2023), *report & recommendation adopted*, ECF 1:22-CV-9019, 95 (S.D.N.Y. Sept. 5, 2023), *appeal dismissed*, No. 23-7711 (2d Cir. Aug. 14, 2024). Because Petitioner's previous Section 2254 petition was decided on the merits, the present

[1] This action was transferred to this court from the United States District Court for the Eastern District of New York, where it was originally filed. *See Carter v. Martuscello*, 1:26-CV-1737 (E.D.N.Y. Sept. 30, 2026). That court did not rule on Petitioner's request to proceed *in forma pauperis*.

[2] In the petition, Petitioner provides the indictment number, 3657/2016, and the date of sentencing, March 7, 2019, of the conviction that he is challenging. (ECF 1, at 1.) According to a decision issued by the New York Supreme Court, Appellate Division, First Department, judgment on Petitioner's conviction arising from indictment number 3657/2016 was rendered on September 20, 2018. *See People v. Carter*, 201 A.D.3d 551 (1st Dep't 2022).

Section 2254 petition is a second or successive petition. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002).

Before a second or successive Section 2254 petition is filed in a federal district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this petition.[3]

**CONCLUSION**

In the interest of justice, the Court transfers this action, as a second or successive Section 2254 matter, to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). This order closes this action in this court. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this action under this civil docket number.[4]

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[3] Any motion filed with the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," § 2244(b)(2)(B)(i)-(ii).

[4] The Court does not address Petitioner's allegations in his petition made with respect to his conditions of confinement in the Wende, Five Points, and/or Auburn Correctional Facilities. If the Court of Appeals authorizes him to proceed in this matter, the Court may address those allegations. This does not, however, prevent Petitioner from, in the meantime, raising claims arising from these allegations in non-*habeas corpus* civil actions filed in the federal district courts for the judicial districts in which those correctional facilities are located.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 26, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge